THE DIAMOND BRICK COMPANY, Respondent, *v.* THE NEW YORK CENTRAL & HUDSON RIVER RAILROAD COMPANY, Appellant.

*Supreme Court, Second Department, General Term, December 9, 1889.*

*Railroads. Gates.*—The proprietors of land, through which a railroad passes, are bound to keep the gates shut, when not open for use in passing over the track.

Appeal from judgment in favor of plaintiff entered upon verdict of a jury.

Action for damages for the killing of plaintiff's horse on the tracks of defendant.

*Ashbel Green* and *Herbert E. Kinney,* for appellant.

*George W. Weiant,* for respondent.

BARNARD, P. J.—The defendant operates the West Shore Railroad. The railroad passes through the land of Mrs. Reed. The company built a fence along its lands, as required by statutes, and made a gate in the fence at one part for a farm crossing.

In September, 1886, the plaintiff had a horse on Mrs. Reed's land, by her permission, and on the occasion in question the horse passed through the gate, which was open, and was killed by the defendant's train. The evidence is very conflicting as to the fact whether this gate was commonly or only occasionally open, and as to the fact whether any one but the occupants and lessees of the Reed farm used it. There was evidence given by the defendant tending to show

that the employees of the company constantly shut the gate, sometimes as often as four and five times in a day.

There was proof that the defendant's track walker shut the gate twice on the day of the accident, the last time in the afternoon of the day. The horse was seen alive at about 3 o'clock in the afternoon and was killed a little after 5 o'clock of the same day. Under this state of the evidence the court charged the jury that Mrs. Reed owed no duty in reference to keeping the gate closed.

This was erroneous. The law directs the railroad to fence, but when the land was cut, one part from another, openings, bars or gates were to be made " for the use of the proprietors of the land." These proprietors are bound to keep the gates shut when not open for use in passing over the railroad. It is a private gate, to be kept in repair by the railroad company, but which is to be used solely by the proprietors of the land. If the company shut the gate after midday, and it was left open by Mrs. Reed subsequently, a direction to the jury that she was not bound to shut the gate after using it put a duty upon the railroad company which was not required by the law.

The case of Shepard *v.* Buffalo, etc., R. R. Co., 35 N. Y. 641, was decided upon facts arising before the railroad law was passed which bound railroad companies to fence their track.

In Spinner *v.* N. Y. C. & H. R. R. R. Co., 67 N. Y. 153, the defendant had adopted a private crossing and was accustomed to shut the gate at night, early or late, as its business necessities required. The company, therefore, left the gate open and was responsible for an accident to the owner's cattle. If the gate was shut by the defendant a few hours before the accident there was no proof of any negligence of the defendant.

The judgment should be reversed and a new trial granted, costs to abide event.

PRATT, J., concurs; DYKMAN, J., not sitting.