DODGE BROTHERS *v.* CENTRAL VERMONT RAILWAY COMPANY.

May Term, 1918.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, J.J.

Opinion filed November 11, 1918.

*Railroads—G. L. 5195—Fences—Gates Therein—Proof of Negligence—Stock on Track—Question for Jury—Keeping Gate Closed—Supplemental Instructions—Exceptions.*

Where the evidence is equally consistent with the existence or nonexistence of liability by the defendant, it is error to submit that question to the jury.

In an action for damages for colts killed on the defendant's railroad, that had escaped through a gate in a fence which the defendant,

under P. S. 4453 (G. L. 5195), was bound to maintain for the plaintiffs, the question whether a loose hook on the gate, which might be displaced by the switch of a tail or rubbing of a nose, was the proximate cause of the gate being open and the colts escaping, was, under the circumstances, for the jury.

Evidence that persons were seen near a gate has no tendency to show that they used it.

It is error to submit to the jury a basis of recovery not alleged in the declaration.

Under G. L. 5195, making it the duty of a railroad to maintain a sufficient fence, it is the duty of the land owner, for whom the fence is maintained, to keep a gate therein closed; and it was error for the court to charge the jury that the defendant's failure to keep the gate closed would amount to a failure to maintain a sufficient fence at that point.

The fact that such a gate was found open is not enough to impute negligence to, or establish liability on the part of, the railroad company.

When a supplemental instruction is given on a point excepted to in the original charge, the exception must be renewed or the supplemental instruction will be regarded as satisfactory, and the error, if any, cured.

When a supplemental instruction is merely a reiteration of the point excepted to in the original charge, the excepting party is entitled to the benefit of his original exception, although he failed in his attempt to renew it.

CASE FOR NEGLIGENCE. Plea, the general issue. Trial by jury at the September Term, 1917, Washington County, *Slack,* J., presiding. Verdict and judgment for the plaintiffs. The defendant excepted.

The negligence complained of was that the defendant neglected to construct and maintain a gate sufficient "to keep said colts or horses from entering upon the right of way of the defendant, in that the latch of said gate, whereby it was hooked and closed, was fastened to the pasture side of said gate and was loose." The opinion states the other facts in the case.

*John W. Redmond* and *Charles F. Black* for the defendant.

When the evidence is equally consistent with either view—the existence or nonexistence of negligence—it is not competent

for the judge to leave the matter to the jury. The party who affirms the negligence has failed to establish it. An inference cannot be drawn from a presumption, but must be founded upon some fact legally established. Bailey on Personal Injuries, § 1672; *Manning* v. *Ins. Co.,* 100 U. S. 693, 698, 25 L. ed. 761; *United States* v. *Ross,* 92 U. S. 281, 284, 23 L. ed. 707; *Welshausen* v. *The Charles Parker Company,* 83 Conn. 231; *Delaware & Hudson Co.* v. *Ketz,* 233 Fed. 31; *Kruck* v. *Connecticut Co.,* 84 Conn. 403; *Lopez* v. *Campbell,* 163 N. Y. 347; *White* v. *Lehigh Valley R. R. Co.,* 220 N. Y. 135; *Smith* v. *First Nat. Bank,* 99 Mass. 605; *Cotton* v. *Wood,* 8 C. B. N. S. 568; *Toomey* v. *Brighton, etc., R. R. Co.,* 3 Id. 146; *Baulec* v. *Harlem R. R. Co.,* 59 N. Y. 356; *Smith* v. *Illinois Cent. R. R. Co.,* 200 Fed. 555; *Pittsburgh, etc., Ry. Co.* v. *Scherer,* 205 Fed. 358.

*S. Hollister Jackson* and *John W. Gordon* for the plaintiffs.

POWERS, J. During the night of September 30, 1915, five colts belonging to the plaintiffs escaped from the pasture adjoining the defendant's railroad by passing through an open gate onto the track, and were there killed by the defendant's train. It was conceded below that the value of the colts was $700, and after the trial a plaintiff's verdict for that amount was returned. At the close of the evidence, the defendant moved for a verdict on the grounds: (1) That there was no evidence in the case tending to show that any faulty construction of the gate or its appurtenances was the proximate cause of the injury complained of; (2) that there was no evidence in the case tending to show how, when, or by whom the gate was opened so as to allow the colts to escape; (3) that, assuming that the evidence warranted an inference that the gate and its appurtenances were improperly constructed, there was no evidence in the case tending to show that such defects were the proximate cause of the injury complained of; and (4) it was not permissible to allow the jury to act upon mere surmise or conjecture in determining how the gate was opened. This motion was overruled and the defendant excepted.

By P. S. 4453 (G. L. 5195), the defendant was required to build and maintain a good and sufficient fence between the road and the plaintiffs' pasture. The gate through which the colts escaped was a part of the fence so required, and it was the de-

fendant's duty to keep it and its appurtenances "good and sufficient." This is admitted. There was evidence tending to show that the device provided and used to keep the gate closed—a hook and staple—was insufficient and inadequate; that the hook was so loose in the staple that it was easily unhooked, and might be displaced by the whisk of a tail or rubbing of a nose. But this alone was not enough to charge the defendant with liability. The plaintiffs were required to go one step further, and show by a fair preponderance of evidence that the defects referred to were the proximate cause of the escape of the colts. On this subject the jury is not to be allowed to speculate; and if the evidence is equally consistent with the existence or nonexistence of liability, it is error to leave the question to the jury at all. In order to sustain the verdict, there must be found in the record evidence fairly and reasonably tending to show that the escape of the colts resulted from the defects shown. The law does not require, however, that this fact be established by direct evidence. Circumstantial evidence may be resorted to, and, if it is of the requisite character and force, it is sufficient. It must be admitted that the circumstances here relied upon to show that the colts themselves unhooked this gate in some such way as stated above and then pushed it open, are not of a very decisive character; but it cannot be said that they are not sufficient to create a legal tendency, or to sustain a jury inference.

One of the plaintiffs testified that the gate was closed at about five o'clock of the day before the accident. The character and location of the pasture made it improbable that any person would have occasion to use the gate between that time and the time when the colts were killed. The character of the soil inside the gate was such that foot prints would naturally be discoverable if a person had passed through the gate during or about the time named. No such tracks were to be seen, though the ground was examined the next morning. In these circumstances, the question of the proximate cause was for the jury. It is true that one of the trainmen testified that he went through the gate into the pasture immediately after the accident, and that his tracks were not seen by the witnesses who examined the place. But this is not conclusive against the plaintiffs, and was nothing more than a circumstance to be weighed and considered by the jury. The suggestion that the evidence shows that third persons made use of the gate is without force. The evidence coming

nearest to this was that showing that persons were seen on the track near by.. But this had no tendency to show that they made any use of this gate.

The defendant excepted ''to that part of the charge in which the court held that the defendant was under a legal duty to keep the gate closed.'' In connection with this exception, the defendant insisted that if it had built and maintained a good and sufficient fence, including the gate and its fastenings, it had discharged its full duty and was under no obligation to see to it that the gate was kept closed.

Any reference to this duty was outside the issue. The only insufficiency in the fence or gate charged in the declaration was that ''the latch of said gate, whereby it was hooked and closed, was fastened to the pasture side of said gate and was loose.'' There was no allegation suggesting that the defendant was at fault in any other respect. So no other shortage of duty was involved. *Seeley* v. *Cent. Vt. Ry. Co.,* 88 Vt. 178, 92 Atl. 28. The rule is that it is error to submit to the jury a basis for recovery outside the pleadings. *Smith* v. *C. V. Ry. Co.,* 80 Vt. 208, 67 Atl. 535. But the exception to this instruction was not put upon this ground, but upon the ground that it embodied an erroneous statement of law. The court did not charge in express terms that it was the defendant's duty to keep the gate closed; but it was the plain import of the instruction that this duty rested on the defendant, and that its failure therein would amount to a failure to ''maintain'' a sufficient fence at that point. This view is supported by courts of great respectability. Nevertheless we do not think it is sound. The gate was provided for the use and benefit of the plaintiffs. The defendant made no use of it and derived no advantage from it. We cannot regard an open gate as an insufficiency in the fence. If it and its fastenings were ''good and sufficient'' within the meaning of the law, the duty of keeping it closed was upon the plaintiffs, and the fact that it was found open is not enough to impute negligence to or establish liability on the part of the defendant. This view seems to be supported by the weight of authority and harmonizes better with our statutory provisions. *Megrue* v. *Lennox,* 59 Ohio St., 479; 52 N. E. 1022; *Swanson* v. *Chicago, M. & St. P. R. R. Co.,* 79 Minn. 398, 82 N. W. 670, 49 L. R. A. 625; *Adams* v. *Atchinson, T. & S. F. R. R. Co.,* 46 Kan. 161, 26 Pac. 439; *Diamond Brick Co.* v. *N. Y. Cent. & H. R. R. R. Co.,*

55 Hun. 605, 7 N. Y. Supp. 868. See, also, other cases cited in note to *Swanson* v. *Chicago, etc., R. R. Co.,* 49 L. R. A. 625.

The instruction was manifestly harmful, and the exception to it will have to be sustained unless it was waived or vitiated by what followed. After the exception was taken, the court gave a supplemental charge on this and other subjects. At the close of this supplemental charge, the defendant attempted to except, saying merely, ''May our exception be noted to the supplemental charge?'' To which the court replied, ''Yes.'' It is apparent that this exception was not sufficiently explicit to be available, for it did not point out which of the several matters covered it referred to. The general rule is that, when a supplemental instruction is given on a point excepted to in the original charge, the exception must be renewed or the supplemental instruction will be regarded as satisfactory and the error, if any, cured. *Davis* v. *C. V. Ry. Co.,* 88 Vt. 460, 92 Atl. 973. But here the supplemental charge was not a correction or modification of the original charge, but a reiteration of it. In the circumstances shown, the defendant is entitled to the benefit of his original exception, though it failed in its attempt to renew it.

*Judgment reversed and cause remanded.*