A. A. BIANCHI *v.* C. F. MILLAR.

February Term, 1920.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed October 5, 1920.

*Automobile Collision—Qualification of Passenger to Testify As to Speed—Question of Liability Insurance Irrelevant—Argument—Fact Inferable from Circumstances—Consideration of Evidence on Plaintiff's Motion for Verdict—Least Contributory Negligence Bars Recovery.*

1. In an action for damages to plaintiff's automobile in a collision, defendant's wife, who was riding with him at the time of the collision, was qualified to express an opinion as to the speed of plaintiff's car at the time.

2. In such case, whether either party carried liability insurance was irrelevant to any issue; and evidence respecting that question was properly excluded.

3. The fact that it appeared on defendant's cross-examination that an insurance company was interesed in the case, did not open the door to plaintiff to show that defendant carried liability insurance.

4. Where it was fairly inferable from the circumstances that broken glass seen on the ground immediately following the accident came from defendant's headlight, which was broken in the

collision, it was proper for defendant's counsel to submit that question to the jury in his argument.

5. Plaintiff's motion for a directed verdict was properly overruled, where important facts were in controversy, and the evidence, viewed in the light most favorable to the defendant, admitted of a conclusion adverse to the plaintiff.

6. The court's charge to the jury, that to recover the plaintiff must prove by a preponderance of evidence that he was not guilty of negligence "that contributed to this accident in the least degree," was correct, and did not require explanation.

ACTION OF TORT for negligence. Plea, the general issue. Trial by jury at the September. Term, 1918, Washington County, *Stanton*, J., presiding. Verdict and judgment for the defendant. The plaintiff excepted. The opinion states the case.

*Richard A. Hoar* for the plaintiff.

*J. Ward Carver* for the defendant.

TAYLOR, J. The action is tort for damages to plaintiff's automobile in a collision with the defendant's automobile on Washington Street in the city of Barre. There was a trial by jury with verdict and judgment for the defendant.

Washington Street runs in a southerly direction and up a grade in the vicinity where the accident occurred. The time was Sunday evening about nine o'clock. The defendant, accompanied by his wife, was on his way home from South Main Street in his automobile. His route took him easterly over Church to Washington Street, thence up Washington Street a short distance to Academy Street, thence again easterly along the latter street. He had turned onto Washington Street, and was proceeding up the grade toward Academy Street behind a team. The plaintiff was driving his automobile down Washington Street. The track of the electric railroad at the place of the accident is nearly in the center of the street. The street was lighted, and there were headlights on both cars. The speed of the automobiles, their precise location at the time of the collision with reference to the center of the street and the junction of Washington and Academy Streets, as well as various other circumstances connected with the happening of the accident, were

in dispute. The evidence of each tended to show that the collision occurred through the fault of the other.

[1] Against the objection that a sufficient foundation had not been laid, Mrs. Millar was permitted to testify on behalf of the defendant that she had some idea as to the rate of speed of the plaintiff's car at the time of the collision, and that she would say it was thirty miles an hour, to which the plaintiff excepted. The claim now made is that the witness was not qualified to express an opinion, in view of the fact that it was dark and the car, with its lights shining in her face, was coming directly toward her. This is not a sufficient basis of reversible error. It is not claimed, nor could it well be in view of her testimony, that Mrs. Millar was not as well qualified as any one could be to judge of the speed in like circumstances. The opportunity to judge of the speed of the car by comparison with stationary objects would be impaired and may have been wholly lacking; but there would still be the element of time required to cover a given distance, the force of impact with the defendant's car, which the evidence tended to show had been brought to a standstill, and the speed at which the car passed, to say nothing of the distance covered after the collision before it came to a stop. The objection goes to the weight, rather than the admissibility of the evidence. Moreover, the witness had already given the same estimate of speed in an answer that was not excepted to.

[2, 3] The plaintiff excepted to the exclusion of a question asked the defendant in cross-examination respecting insurance against liability in case of an accident. In substance the offer was to show that if there was a judgment against the defendant in this action, the Insurance Company would have it to pay; but that, if the plaintiff was insured and he recovered from the defendant, he would not be entitled to any insurance. The court having ruled against the plaintiff, the defendant was asked if he had his insurance policy with him, which was excluded under exception. Thereupon the defendant was allowed an exception to the asking of the question, and the court instructed the jury to disregard anything in relation to insurance—that they had nothing to do with that. The plaintiff was allowed an exception to the court's cautionary statement. It is argued that these exceptions present reversible error.

Manifestly whether either party carried liability insurance was wholly irrelevant to any issue in the case. It is contended

that the defendant "opened the door" by certain answers when on the stand as a witness called by the plaintiff. Our attention is directed to certain pages of the transcript where it appears that the plaintiff was attempting to show by the defendant the allegations of the declaration in a suit brought by the latter against the former on account of the same accident. In this connection, the defendant was asked if he personally brought a writ and caused it to be served on the plaintiff, to which he answered that he did not; that the Insurance Company did that. He was then asked if he told counsel who made the writ about the facts in the case, and answered, "After the Insurance Company had told me to go ahead." Though the fact that an insurance company was interested thus appeared in the case, it did not make the excluded evidence admissible, nor justify an attempt to get further irrelevant facts before the jury. With reference to the exception to the court's statement to the jury, it is enough to say that it is not made to appear that the withdrawal was intended to include the answers volunteered by the defendant. The prejudicial effect of the offer and the discussion accompanying it, which had occurred in the presence of the jury, was evidently what the court was seeking to counteract to avoid a possible reversal on the exception taken by the defendant. It is unnecessary to consider what the effect would have been if the withdrawal had extended to the answers that were in the record without objection.

[4] The plaintiff's evidence tended to show that the collision occurred opposite the entrance to Academy Street, while that of the defendant placed it some distance lower down on Washington Street. It appeared that the lamp on the left hand side of the defendant's car was broken in the collision. Several witnesses testified to seeing broken glass between the tracks immediately following the accident in the vicinity where the defendant placed the collision. It was variously estimated as being from three to ten feet up the street from the place where the front end of defendant's car was standing after the accident. In argument defendant's counsel asked the jury where the glass was on the track. It being objected that there was no evidence to connect it with the broken lamp, counsel submitted to the jury whether or not the glass seen by the witnesses came from the headlight. To this the plaintiff was allowed an exception. Connecting evidence was not wholly lacking, but is to be found in

the circumstances. The headlight was "smashed" by the collision. Broken glass was found on the ground in front of the car within the space where the defendant's evidence tended to show the collision occurred. Its presence there was not otherwise explained. It would be fairly inferable that the glass on the ground came from the broken lamp. By the argument excepted to the jury were only asked to say whether the inference should be drawn.

[5] The plaintiff argues an exception to the overruling of his motion for a directed verdict. The motion is based upon a state of facts assumed to be uncontradicted, while in several important particulars the facts relied upon were in dispute. It would serve no good purpose to review the evidence in detail. As important facts were in controversy and the evidence, viewed, as it must be on such a motion, in the light most favorable to the defendant, admitted of a conclusion adverse to the plaintiff, the case was plainly one for the jury, both as to negligence on the part of the defendant and freedom from contributory negligence on the part of the plaintiff.

[6] At the close of the charge the plaintiff took this exception: "We wish to except to what the court said about the contributory negligence of the plaintiff in that—if it contributed in the least degree to the accident." The jury were instructed as to what would constitute negligence on the part of the plaintiff in a manner not excepted to. The exception taken was directed to the portion of the charge wherein the jury were told that to recover the plaintiff must prove by a preponderance of evidence that he was not guilty of negligence "that contributed to this accident in the least degree." Complaint is now made that it was error to use the language quoted without further explanation, but we are left to infer, from somewhat extended quotations from our decisions, wherein it is claimed the court's statement of the rule required explanation or qualification. Confining the inquiry to the question raised by the exception, there can be no doubt as to the soundness of the charge. Ever since the decision in *Reynolds* v. *Boston & Maine R. R.*, 64 Vt. 66, 24 Atl. 134, 33 A. S. R. 908, the rule in this State has been that there can be no recovery if the negligence of the plaintiff contributes in the least degree to the accident. *LaFlam* v. *Missisquoi Pulp Co.*, 74 Vt. 125, 143, 52 Atl. 526.

The plaintiff briefs an exception taken to the refusal of the court to set aside the verdict by referring us to the argument on the motion for a directed verdict. It is only necessary to say that the disposal of that exception controls the disposition of this, so far as the grounds of the motion relied upon are concerned.

*Judgment affirmed.*