THE BURLINGTON BUILDING & LOAN ASSOCIATION AND F. J. HAIGIS *v.* EUGENE P. AYRES ET AL.

January Term, 1937.

Present: POWERS, C. J., SLACK, MOULTON and SHERBURNE, JJ., and STURTEVANT, Supr. J.

Opinion filed February 2, 1937.

*W. R. McFeeters* for the defendants.

*M. G. Leary* and *B. J. Leddy* for the plaintiffs.

SLACK, J.  The plaintiffs seek to enjoin the prosecution of an ejectment suit brought by defendants against plaintiff Haigis, and the commission of other wrongful acts of defendants concerning the collection of rent by the Building & Loan Association from Haigis.  Defendants filed a plea which was overruled and the bill taken as confessed and a decree was entered for plaintiffs from which defendants appealed.

The material allegations of the petition are these: On December 3, 1934, the Ayers gave the Loan Association a mortgage on certain real estate to secure the payment of a promissory note, which mortgage provided among other things: "in case foreclosure proceedings are instituted under this mortgage said Building & Loan Association is hereby fully empowered and authorized to collect and receive any and all rents from any tenant or persons occupying said premises, and in case said premises are vacant, to rent or lease said premises at such rental as it deems reasonable, and apply all rents collected as payments on the obligation secured by this mortgage," etc.

The Ayers failed to make payment on the note as required by the terms thereof, and breached other conditions of the mortgage, and on September 30, 1935, the Loan Association commenced foreclosure proceedings against them. The petition was duly served and returned, and defendant McFeeters appeared as solicitor for defendants. The petition set forth the provision of the mortgage respecting the collection and application of rent, and prayed, among other things, for authority to collect and apply the same in accordance with such provision.

Prior to November 20, 1935, F. G. Webster, then solicitor for the Loan Association, submitted to defendant McFeeters, as solicitor for the Ayers, a motion for a decree. McFeeters wrote Webster on the latter date:

> "Brother Webster:—I have your motion for a decree in the matter of Burlington Building Association, Inc., vs. E. P. Ayers and Ethel Ayers. I have no objection to the decree being granted with the usual time of redemption; however, if you insist on a short time I desire a hearing."

December 3, following, Webster wrote McFeeters that he had received his November 20 letter; that he had had the subject matter of the decree up with the chancellor and that the following would be his order in the matter:

> "that the decree day will be December 10th, 1935; that the time of redemption will be one year from December 10th, 1935; that the amount due on said December 10th, under the mortgage is $4397.15, and costs taxed and allowed at $37.66, which will

make a total of $4434.81; that all rents on said premises mentioned in said mortgage will be payable to the Burlington Building and Loan Association on and after December 10th, 1935, and if this property is redeemed an attorney fee will be allowed in the sum of $50.00 * * * That you may know just how this rent matter is worded in the mortgage, I quote the section of this mortgage in question."

Then followed a verbatim copy of the provision of the mortgage respecting the collection and application of rent.

On December 10, 1935, a decree was entered for the Loan Association which, after stating the prayer of the petition for authority to collect and apply the rent, and lease the premises if vacant, in accordance with the provision of the mortgage relating thereto, provided, in substance, that unless the Ayers paid or caused to be paid the amount due under the mortgage, costs, etc., "less any and all rents, less expense of collecting same, which have been paid to the Burlington Building & Loan Association," etc., they, and all persons claiming or holding title under them, should forever be foreclosed. December 31 McFeeters wrote Webster that he had received no notice of any assessment; that a decree had not been submitted to him, and that he had never consented to a decree. Later Webster replied that he had seen the chancellor and informed him that he had no objection to a hearing "as to this rent matter," and that the chancellor would write him, McFeeters. On January 6, 1936, the chancellor wrote McFeeters regarding his talk with Webster and suggested how a meeting of the parties might be arranged. On the same day McFeeters wrote Webster: "I have your letter of January 4th. and see no reason why I should ask for a hearing."

Plaintiff Haigis is in possession of said premises, and has been continuously since December 10, 1935. He has paid all rent, when due, to the Loan Association, and plaintiffs in the ejectment suit have no right under the mortgage and decree to demand or recover the rent of the premises from him. On December 12, 1935, Haigis received notice from McFeeters that the Ayers had assigned their contract for rent to him and that it might be paid to him or Mr. Ayers. McFeeters thereafter

threatened Haigis on different occasions with legal proceedings to collect the rent or get possession of the premises if the rent was not paid to him; and on January 28, 1936, defendants brought the ejectment suit above mentioned. By reason of Mc-Feeters's conduct respecting the rent and the ejectment suit against Haigis, the latter threatens to vacate said premises, which the Loan Association believes he will do.

The prayer of the petition is that the Ayers and McFeeters, and their agents and attorneys, be perpetually enjoined from "proceeding with or taking further action in said ejectment suit and from in any way annoying your petitioners in reference to the payment and collection of rent of the premises referred to in said petition" and for damages and costs, and such other and further relief as to the court shall seem meet.

The plea quotes at greater length from the decree than does the petition, and avers that the decree does not establish the right of the Loan Association to collect the rent on the premises in question nor change the relation of landlord and tenant which existed between the Ayers and Haigis prior to the foreclosure, and prays the judgment of the court whether they shall be compelled to make further answer.

Nothing has been called to our attention, nor do we find anything, in those parts of the decree quoted in the plea but not quoted in the petition that aids defendants. It does appear therefrom, however, that the chancellor found "that all rents due on said land and premises after December 10, A. D. 1935, should be paid to said Burlington Building & Loan Association, Inc., as set forth in said mortgage."

Defendants say that the sole question for review is: Did the decree provide that the rents should be collected by the mortgagee and be paid to it? In support of their contention that it did not, they argue that the decree must be strictly construed and that it does not provide for the collection of the rent by the mortgagee in that there is no "order or decree" that the rents "shall" be paid to it. They further contend that if the mortgagee was to collect the rent, it could only be under an express order from which they could appeal and, by thus raising the question, protect their rights. While the decree might well have been more explicit, taken as a whole we think it sufficient to enable the Loan Association to collect the rent, and to furnish all parties interested full protection by reason of its so doing.

As has been seen, it states the prayer of the petition respecting the collection and application of rent and the finding relating thereto quoted from the plea, followed by the order that unless the amount due under the mortgage, costs, etc., less any and all rents, less expense of collecting same, which have been paid to the mortgagee, is paid before a certain time, the Ayers shall be forever foreclosed. It is further urged that the decree in the foreclosure suit is void because it deprives defendants of the inalienable right to redeem, and *Wing* v. *Cooper*, 37 Vt. 169, and 19 R. C. L. §§ 298 and 369 are cited in support of this claim. Such appears to be the law, and the mortgagors were given the full benefit of it. Not only were they given a year in which to redeem—the full usual period, chancery rule 38, sec. 4—but they were notified some days before it was entered what the substance of the decree would be. This claim is without merit. Defendants call attention to the fact that Haigis was not a party to the foreclosure suit. In the circumstances that does not aid them. He appears willing to pay the rent to the mortgagee, has hitherto done so, and presumably will continue if not interfered with by defendants. In a reply brief, defendants claim that the language of the decretal order "less expenses for collecting same," referring to the rent, is not in accord with the terms of the mortgage agreement. Be that as it may, since this question was not raised by the pleadings, or referred to in the main brief, it is treated as waived. The reply brief calls attention to matters wholly outside the record, by which we must be governed, which, therefore, are not considered. We have given defendants the full benefit of their appeal regardless of the provisions of P. L. 1321, and find no reversible error.

*Decree affirmed and cause remanded.*