## Wilfred Langevin v. Richard Gilman

[159 A.2d 340]

January Term, 1960

Present: **Hulburd, C. J., Holden, Shangraw, and Smith, JJ. and Divoll, Supr. J.**

Opinion Filed March 2, 1960

*Monti & Calhoun* for the plaintiff.

*Theriault & Joslin* for the defendant.

**Smith, J.** This is an action of tort for damages brought by reason of a collision between an automobile owned and driven by the plaintiff and an automobile owned and driven by the defendant. Trial was had by jury in the Washington County Court, with verdict and judgment for the defendant. The case is here on the exceptions of the plaintiff to parts of the charge given by the trial court to the jury, and to the refusal of the court below to grant plaintiff's motion to set aside the verdict and grant a new trial.

The accident complained of happened within the limits of the city of Montpelier, on June 3, 1956. The scene of the accident was just south of the intersection of U. S. 302, the highway leading from Montpelier to Barre, with U. S. 2 and U. S. 12, which at that intersection is a single highway going from Montpelier in the general direction of East Montpelier and St. Johnsbury.

Motorists traveling from Barre toward Montpelier are required to stop, before entering this intersection, by a sign so directing erected on the highway. Traffic going in the opposite direction from Montpelier to Barre have a throughway. The approach from Montpelier to the intersection, and the scene of this accident, is on the wide, right hand curve. An ordinance of the city of Montpelier limits speed in that area to forty miles per hour.

The collision between the two cars occurred when the plaintiff, traveling from Barre in the direction of Montpelier, after stopping his car at the stop sign previously mentioned, made a left hand turn across the Montpelier-Barre highway in an attempt to enter private premises. His car was struck at about its right center by the front end of the car of the defendant, which was traveling along its route from Montpelier to Barre. At the place of the collision the car of the plaintiff was partly on the premises of Walker Motors, the private premises he was attempting to enter, on the east side of the highway, and partly in the limits of the Montpelier-Barre highway, in defendant's right lane of travel.

At the conclusion of the original charge to the jury by the court below the plaintiff took an exception to the failure of the court to charge on the provisions of the Montpelier ordinance which controlled the speed limit in the area of the accident.

The lower court, in a supplementary charge, then instructed the jury that it was undisputed that the forty miles per hour speed limit, set forth in the Montpelier ordinance, was applicable in the case. The plaintiff then took an exception to this supplementary charge on the failure of the court to charge the jury that if they found a violation of this ordinance by the defendant "that is evidence of negligence for the jury's consideration, and the question is whether the violation caused the accident."

A further supplementary charge was then given by the court to the jury stating that the ordinance in question came under the same classification as safety rules or statutes, and should receive the same treatment. No exception was taken by the plaintiff to this second supplementary charge, nor had exception previously been taken by the plaintiff to that part of the original charge of the court relative to the effect of violation of safety rules or statutes.

The plaintiff's exception here is on the ground that the court below committed error in its charge on the effect of a violation of a safety statute. It is plaintiff's contention that, although he did not except to the last supplemental charge, under the provisions of 12 V. S. A. §1905 (3), and the case of

*Dodge Bros.* v. *Central Vermont R. R. Co.*, 92 Vt. 454, 459, 104 A. 873, he was entitled to the benefit of his original exception to the first supplemental charge.

The relevant part of 12 V. S. A. §1905 (3), to which the plaintiff refers, reads, "Subsequent objection and exception to the same legal point shall be unnecessary * * *." The legal point raised by the plaintiff on his exception for the first supplemental charge, was as to the evidentiary effect to be given by the jury upon proof of the violation of the ordinance. This legal point was met by the trial court's second supplemental charge that the jury should consider such violation in the same manner as violations of a safety statute, and no exception was taken to this instruction. The legal point then raised was the correctness of the instructions in the original charge on violation of a safety statute, which was a different point than the one raised by the plaintiff's prior objection. The provision of the statute relied upon did not apply.

■ In the case of *Dodge Brothers* v. *Central Vermont R. R. Co.*, cited by the defendant, a different situation existed than the one here. In the Dodge case an exception had been taken to a part of an original charge whereupon a supplemental charge was given that was a reiteration of the original one. The Court held that although the defendant failed to properly renew his exception on the supplemental charge he was entitled to the benefit of his original exception because of the reiteration of the original matter to which he had excepted. Here, we have no exception to that part of the original charge upon which error is sought to be predicated. Further, if the original charge on the effect of a violation of a safety statute was in error, the fault, if any, was not called to the attention of the court below. Nor was any opportunity given the court to amplify, or correct, the instructions, if such had been thought necessary. No question shall be brought to this court except that upon which it is made to appear that the trial court has had fair opportunities to pass judgment. *Johnson* v. *Hardware Mutual Casualty Co.*, 109 Vt. 481, 498, 1 A.2d 817. Under these circumstances no available exception was reserved.

The second exception briefed by the plaintiff to the charge of the court below is to a portion of the instructions to the jury

on damages. The exception is only to that part of the charge referring to permanent injuries. This part of his instructions the lower court commenced by saying, "If you find that the plaintiff has suffered some permanent injury * * *." The plaintiff contends that the evidence in the case is undisputed that the plaintiff did suffer permanent injuries, and that part of the charge excepted to was prejudicial, therefore, to the plaintiff on the determination by the jury as to liability in the case. He cities the case of *Donovan* v. *Towle*, 99 Vt. 464, 472, 134 A. 588, as authority for his position.

■ The plaintiff has failed to point out to us any specific evidence in the partial transcript furnished this Court by which he claims such damages are shown to be undisputed, as required by Supreme Court Rule 8, par. 5. Although not so required we have searched the record before us and find no such evidence. We are bound by the record before us and it follows that this question is out of the case, and cannot be considered by us. *Burlington Building and Loan Assn.* v. *Ayres*, 108 Vt. 504, 509, 189 A. 907; 3 Am. Jur. Appeal and Error, p. 221.

But if the evidence in the case, as to permanent damages, was as the plaintiff here has claimed, the Donovan case he has cited would have been of no help. The holding in the Donovan case is that an error in stating the rule of damages is ordinarily considered harmless where the verdict is for the defendant. But the Court in that case found that the court had been in error on instructing the jury to consider an element on damages which was not properly in the case, and which could have had the effect of the jury being able to find that there were no damages in the case and being an action of fraud, there could be no recovery without damages. In such circumstances the Court held that such error could be prejudicial. In the instant case the plaintiff has alleged other damages, in addition to those of a permanent nature, so that some damages, at least, could have been found if the jury had found for the plaintiff on the issue of liability. If the charge on permanent injuries had been in error, which we do not find, it is difficult for us to see how the verdict as to liability would have been affected.

In considering the plaintiff's motion to set aside the verdict and to order a new trial the motion must be treated the same as a motion for a directed verdict. *Jones* v. *Jones Estate*, 121 Vt. 111, 117, 149 A.2d 738. The motion cannot properly be granted if there is any evidence fairly and reasonably tending to justify the verdict. The evidence must be taken in the light most favorable to the prevailing party and the effect of modifying evidence is to be excluded. The weight of the evidence and the credibility of the witnesses are for the jury to determine and all conflicts are to be resolved against the excepting party. *O'Brien* v. *Dewey*, 120 Vt. 340, 347, 143 A.2d 130, and cases cited therein.

The plaintiff, in his brief, has devoted almost his entire argument to the negligence of the defendant. It is his contention that the physical facts of the case, such as skid marks, reaction times, and distances in which an automobile can be brought to a stop at varying speeds, as well as other physical evidence in the case, conclusively establish the negligence of the defendant, despite conflicting oral testimony.

It is also plaintiff's rather novel contention that the question of contributory negligence of the plaintiff should have been decided by the lower court, as a matter of law, in the plaintiff's favor, under the evidence which, as he claims, shows uncontroverted negligence on the part of the defendant. As support for this theory he cites the case of *Bressett* v. *O' Hara*, 116 Vt. 118, 70 A.2d 238, 241.

The situation in the *Bressett* v. *O' Hara* case, cited by the plaintiff, was, to say the least, somewhat different from that in the case before us. It was the defendant in that case who had taken an appeal from a judgment for the plaintiff. And it was the defendant in that case who argued that the facts were so clear and uncontradicted that the court should rule as a matter of law on the matter of contributory negligence. But the evidence in the Bressett case that the defendant was relying on was the evidence on the contributory negligence of the plaintiff.

By contrast, in this case now before us, we have the plaintiff appealing from a verdict for the defendant, asking to have

the court rule, as matter of law, that there is no contributory negligence on his part, but basing his request on the evidence relating to the negligence of the defendant.

The ruling by this Court in the *Bressett* v. *O' Hara* case, *supra*, was "where the material facts are undisputed and are so conclusive that but one reasonable deduction can be drawn therefrom, the question of contributory negligence is for the court." But the rule was not applied in that cause, because, as the Court then stated, the defendant relied upon evidence that made most strongly against the plaintiff, and omitted evidence that was favorable to the plaintiff. The Court also found that there were disputes over material facts in the case then before them, and that the credibility of the witnesses who had testified thereto was for the jury.

In the present case before us the plaintiff, in his brief, omits to mention evidence that is unfavorable to him, and favorable to the defendant on the question of contributory negligence. What the plaintiff here asks, in substance, is a ruling of law on the contributory negligence of the plaintiff, taking into consideration only the evidence offered on the negligence of the defendant.

■ Even if the plaintiff were correct in his assertions that the negligence of this defendant was indisputable, which we do not decide, he is still bound by the rule that there can be no recovery for a plaintiff if his own negligence has contributed in the least degree to the accident. *Ferris* v. *Patch*, 119 Vt. 274, 279, 126 A.2d 114, 63 A. L. R.2d 103; *Bianchi* v. *Millar*, 94 Vt. 378, 382, 111 A. 524. And the burden is upon the plaintiff to establish his freedom from contributory negligence. *Taylor* v. *Mayhew*, 109 Vt. 251, 256, 195 A. 249.

The evidence in the case before us, taken in the light most favorable to the defendant, discloses the following evidence relative to the conduct of the plaintiff: that at a time when the defendant was one hundred feet away, the plaintiff made a left turn across the highway upon which the defendant was approaching; that the plaintiff gave no hand or mechanical signals, as required by the provisions of 23 V. S. A. 1052(2), a

safety statute requiring such signal be given before making such a turn in direction, and that the plaintiff took between eight and twelve seconds in so crossing the highway.

We think it quite clear that there was sufficient evidence in the case to make the question of contributory negligence of the plaintiff one for the jury.

■ The plaintiff has also based his exception on the failure of the lower court to set aside the verdict and grant a new trial on the ground that the verdict was against the evidence. This is the same as a motion to set aside the verdict as being against the weight of the evidence. This motion is addressed to the discretion of the trial court. No showing of abuse of discretion is shown in the record before us, and the ruling on the motion by the trial court must stand. *Dashnow* v. *Myers*, 121 Vt. 273, 155 A.2d 859, 866.

*Judgment affirmed.*