### State of Vermont v. Vernon Stone

[181 A.2d 840]

May Term, 1962

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed June 22, 1962

*Peter F. Langrock,* State's Attorney, for the State.

*Joseph S. Wool* for the respondent.

**Smith, J.** The respondent was convicted of operating a motor vehicle while under the influence of intoxicating liquor, on September 15, 1961, in the Addison Municipal Court. Trial by jury resulted in a verdict and judgment of guilty. His only exception briefed in this Court is upon a purported exception to the general charge of the lower court which respondent alleges was taken upon the completion of the instructions delivered to the jury by the trial court.

The claimed exception does not appear in the record before us. Respondent alleges this is due to the faulty reporting of the case below, and by reason of the error of the lower court reporter. Admittedly the respondent made no effort to correct the claimed omission in the record.

Our rule has long been that the excepting party must here produce a record that makes it appear that harmful error was committed below. The risk of failure is his. We are bound by the plain terms of the record, and will not allow it to be impeached in this Court. Right or wrong, it is the sole basis for appellate action. With

us the record imports absolute verity, and anything not shown by it is out of the case in this Court. *Langevin* v. *Gilman,* 121 Vt. 440, 444, 159 A.2d 340; *Higgins, Admr.* v. *Metzger,* 101 Vt. 285, 296, 297, 143 Atl. 394; *Halloran* v. *New England Tel. and Tel. Co.,* 95 Vt. 273, 275, 115 Atl. 143, 18 A.L.R. 554.

It may be added that even if the record disclosed the exception which the respondent has here briefed it would avail him nothing. A general exception to the charge of a trial court, given after its delivery, and without a specific indication to the court of the particulars in which such charge is claimed to be in error, gives the trial court no opportunity to amplify or correct the instructions that have been given. A question cannot be brought to this Court upon which it is made to appear that the trial court had no fair opportunity to pass judgment. *Langevin* v. *Gilman,* 121 Vt. 440, 443, 159 A.2d 340; *Johnson* v. *Hardware Mutual Casualty Co.,* 109 Vt. 481, 498, 1 A.2d 817.

*The claimed exception is overruled. Judgment affirmed. Let execution be done.*