## Robert Merrill v. David Reed

[185 A.2d 737]

September Term, 1962

Present: **Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.**

Opinion Filed November 7, 1962

*Witters, Longmoore, Akley & Brown* for the plaintiff.

*C. O. Granai* for the defendant.

**Smith, J.** The plaintiff was shot in the leg while deer hunting in Craftsbury during the 1958 open season on buck deer. This action, sounding in tort, was brought against the defendant, who admittedly fired at a deer at or about the same time that the plaintiff was wounded, and while hunting in the same wooded area. Trial in the Orleans County Court resulted in a jury verdict for the defendant, and from that verdict and the resultant judgment, plaintiff has brought his appeal to this Court.

The complaint of the plaintiff contained two counts, both of which alleged negligence on the part of the defendant. The defendant entered a general denial to both.

Viewing the evidence in the light most favorable to the defendant, as we must, it appears that the parties own neighboring farms. On the day that the shooting accident occurred, both were deer hunting in the same general area, but without knowledge on the part of either hunter that the other was so doing.

At about three P.M. the defendant was standing in a Y formed by the junction of two wood roads which joined in a single road

headed generally toward the north. The defendant, who was facing north, suddenly saw a buck deer running slightly to the northeast of him. He quickly raised the .35 Remington rifle with which he was hunting to his shoulder and fired a hastily aimed shot at the deer. Not knowing whether he had hit the deer he started in pursuit of it.

After he had followed the deer for about ten minutes he heard cries for aid. Upon going in the direction from which the appeals for help seemed to be coming, he came upon the wounded plaintiff. The plaintiff was lying in the wood road, formed by the junction of the two roads constituting the arms of the Y, and about one hundred and fifty yards from such junction.

After the plaintiff informed the defendant of the fact that he had been shot in the leg, the defendant made the plaintiff as comfortable as possible under the circumstances and left to obtain medical aid. Plaintiff was later removed from the woods, underwent medical and surgical care, and was left with a permanent impairment of the leg.

The most contested question of fact in the trial was on the question of whether or not it was the bullet fired by the defendant that caused the injury to the plaintiff. Defendant admitted hearing no other shot at the time that he fired, but claimed his bullet was aimed easterly of where the plaintiff was hit. There was no evidence that plaintiff was seen by the defendant at the time he shot at the deer, nor that the defendant had any knowledge that the plaintiff was in the woods.

The evidence relied upon by the plaintiff was statements taken by Trooper Kallahan of the state police from the defendant during the course of an investigation for a criminal prosecution in the Orleans Municipal Court. In one of these statements the defendant admitted that it was his bullet that hit the plaintiff.

The record disclosed that the defendant denied that it was his bullet that hit the plaintiff until Trooper Kallahan told him that ballistic tests proved that the fragment of bullet taken from the leg of the plaintiff was identical in markings to a bullet test fired from the defendant's gun. No evidence appears in the record before us which identified the part of a bullet found in the plaintiff's leg as having been shot from the gun of the defendant. It was the testimony of the defendant that he had no knowledge that it was his shot that wounded the plaintiff, and that he signed the statement admitting

this fact only because he was informed that scientific tests had established it without question.

The record makes it clear that the question of whether it was the defendant's shot that injured the plaintiff was regarded by the plaintiff as a question of fact to be determined by the jury. At the end of plaintiff's evidence, the defendant moved for a verdict in his favor. Counsel for the plaintiff stated in opposition to the granting of the motion, "It seems to us it is a jury question. At least a jury question insofar as whether it was the defendant's shot that injured the plaintiff." The court then inquired, "Well, you claim that is all the whole issue in the case." Upon the query being repeated, counsel for the plaintiff stated, "He having admitted voluntarily firing the shot."

In considering the first questions presented for our determination, the above statements take on added importance. The questions are raised by the plaintiff because of the denial of the lower court to set aside the verdict in accordance with plaintiff's motion, as well as the denial by the lower court to grant an additional motion to enter judgment for the plaintiff, notwithstanding the verdict, and grant a new trial on the issue of damages only.

The grounds of the motion to set aside the verdict were: (1) that it was contrary to and against the evidence and (2) that the verdict was clearly contrary to the weight of the evidence, and (3) that the verdict is not supported by any competent and relevant evidence.

■ The first two reasons advanced were directed to the discretion of the trial court and have the same meaning. *Russell* v. *Pilger,* 113 Vt. 537, 550, 37 A.2d 403. The third reason advanced raised a question of law. *Laferriere* v. *Saliba,* 119 Vt. 25, 30, 117 A.2d 380.

In considering the denial of these motions, we must now take into consideration, in addition to the statement of plaintiff's counsel above quoted, two other factors occurring in the course of trial.

The plaintiff made no motion for a verdict directed in his favor before the case was submitted to the jury. What is of more importance, no exception was taken by the plaintiff to the charge to the jury delivered by the lower court.

One of the instructions so given to the jury was in the following terms and language:

"Does a preponderance of evidence reasonably and fairly support the claim defendant is liable? If you find by the balance of the evidence that the defendant was guilty of the act complained of in either Count 1 or 2, or both, and further, it was a bullet fired from defendant's gun which struck plaintiff, defendant is liable and your verdict must be for the plaintiff. On the other hand, if you thus find the defendant not guilty of the acts complained of in both counts, or if he was, that it was not his bullet which injured and struck the plaintiff, the defendant is not liable, and your verdict will be for the defendant."

A ruling of the trial court, or an instruction to the jury, without any exceptions being taken, becomes the law of the case. Where it appears from the record that the trial below proceeded upon a certain theory, acquiesced in by court and counsel, the theory thus adopted, whether right or wrong, becomes the law of the case. *Senna* v. *Gero,* 118 Vt. 331, 336, 109 A.2d 344, 347.

The case presented to us here is very similar to the one presented to this Court in *Skoll* v. *Cushman* in 111 Vt. 160, 13 A.2d 180. The appellant is a party who has conducted the trial of a case upon the theory, and the admission, that the evidence made a question for the determination of the jury. He has permitted the case to be submitted to the jury upon the theory that there was a question for their determination, and acquiesced in the instruction to the jury by the trial court that the conflicting evidence in the case required a factual decision on their part.

The motions to set aside the verdict on the grounds that it was contrary to the evidence and against the weight of evidence, were addressed to the discretion of the trial court. The action of the court is not reviewable unless it is made to appear that it has failed to exercise, or has abused, its discretion. *Daniels* v. *Preston,* 102 Vt. 337, 339, 148 Atl. 285. No such showing can be made by a party who has admitted that the evidence in the case calls for a jury determination, and has, without objection, acquiesced in instructions to the jury that a factual question exists for their determination.

The motion that the verdict is not supported by any competent and relevant evidence raises a question of law, and is the same in nature and substance as a motion for a directed verdict. *Laferriere*

v. *Saliba,* 119 Vt. 25, 30, 117 A.2d 380. We need not consider a complaint as to the sufficiency of the evidence to support a verdict when the trial court's charge submitted, without exception, an issue which authorized the verdict as rendered. *Loomis* v. *Graves,* 116 Vt. 438, 440, 77 A.2d 838.

The motion made by the plaintiff for judgment in his favor, notwithstanding the verdict, and a new trial on the question of damages only, as applied to the evidence, is tantamount to a motion for a directed verdict. It is to be passed upon in the same way. *Sawyer* v. *Ewen,* 122 Vt. 320, 322, 173 A.2d 549. What is said above relative to the defendant's motion that the verdict was not supported by any relevant and competent evidence is equally applicable here. The trial court's charge, with no exception taken, submitted an issue which authorized the verdict as rendered. The motions were properly denied by the trial court and the plaintiff takes nothing by his exceptions.

The next two exceptions briefed by the plaintiff are to the admission and exclusion of evidence on the part of the trial court. Both exceptions have to do with an exhibit in the case which purports to be a certified transcript of proceedings involving the arraignment of the defendant in the Orleans Municipal Court.

The defendant objected to the admission of the exhibit, identified as Plaintiff's 1, on the ground that it was not a certified transcript of the municipal court under the statute. However, it was admitted in part, over such objection, by the trial court.

Most of the alleged transcript is devoted to a series of questions asked by the judge of the municipal court of the defendant, and replies thereto, relative to the same shooting incident with which we are concerned here. The ruling of the lower court was that because parts of the so-called transcript were prejudicial in effect, it could not be shown to the jury. However, certain questions and answers were marked, and were allowed to be read to the jury by attorney for the plaintiff.

The objection of the plaintiff is that the lower court excluded certain answers of the defendant to questions of the municipal judge (in Plaintiff's 1) on the ground that the defendant was not sworn at the time. The contention is that whether or not the defendant was sworn at the time is immaterial, the answers being statements against interest.

We agree that admissions of a party to the record are competent against him, whether such admissions were made in or out of

court, under oath or not, and regardless to whom such admissions were made. *Lynch's Admr.* v. *Murray,* 86 Vt. 1, 14, 83 Atl. 746; 31 C.J.S. Evidence, p. 1070. In the ordinary course of decision we would next consider if such exclusion was prejudicial to the plaintiff.

But here we are confronted with the fact that Plaintiff's 1 was admitted as a duly certified transcript which, under 4 V.S.A. §738, it was not.

> "All transcripts of evidence of proceedings in a cause or hearing tried in county court, court of chancery, probate court, or municipal court or before an auditor, referee, commissioner or master in chancery, ordered to be reported by the presiding judge, chancellor, probate or municipal judge, and made by or under the direction of the reporter and duly certified by him to be a verbatim transcript of his verbatim notes of such evidence of proceedings, shall be received as evidence in any action, civil or criminal, if relevant thereto."

The requirement in 4 V.S.A. §738, above set forth, is that the reporter certify that the transcript is "a verbatim transcript of his verbatim notes." The attempted certification of Plaintiff's 1 is "that the foregoing is a true and accurate transcription of the stenographic notes taken by me." The statutory requirement is not met, and the admission of Plaintiff's 1 was in error, an error created by the plaintiff in his favor.

It is, of course, possible that the same evidence could have been offered in a different manner, or by a different means which would have made it admissible, but it is in the case only as a certified transcript. By such erroneous admission, the plaintiff received certain benefits to which he was not legally entitled. He cannot now complain that he did not receive more. Plaintiff takes nothing by this objection to the exclusion of evidence.

The evidence which the defendant now says was erroneously admitted to his prejudice came about during the cross-examination of Trooper Kallahan by counsel for the defendant. The first question presented on this claim of error is whether the record discloses that an objection was so made by the plaintiff that the claimed fault was called to the attention of the court below. No question shall be brought to this Court except that upon which it is made to appear that

the trial court has had fair opportunity to pass judgment. *Langevin v. Gilman,* 121 Vt. 440, 443, 159 A.2d 340; *Johnson v. Hardware Mutual Casualty Co.,* 109 Vt. 481, 498, 1 A.2d 817.

We must turn to the record for this determination. The applicable part is quoted below:

Q. Do you recollect a statement by Judge Pepin directed to the defendant in your presence, in which Judge Pepin, as the discussion was had and toward the very end of it, said that he couldn't see any difference than any hunter would have done.

Mr. Witters: We object to that, if the Court pleases.

Court: You can ask him if that statement was made.

Mr. Granai: That's what I'm asking.

Mr. Witters: He made—what Judge Pepin said.

No further objection was made and the question was answered.

The question originally asked of the witness was if he had a recollection of a statement that was made by Judge Pepin. It was a question directed to whether or not he had a memory of such statement. The question implied that such a statement had been made by Judge Pepin no matter what the recollection of the witness might be as to hearing it.

The court, by its direction, changed the nature of the question to a direct query as to whether such statement was actually made, and defense counsel endorsed the change in meaning. It also appears that counsel for the defendant, once the meaning of the question was changed so that the inquiry was as to what actually had been said, agreed to the asking of the question in that form and waived objection to it.

The question asked may well have been prejudicial in nature, as the plaintiff now claims, despite the answer of the witness that he didn't know if the statement had been made. But the record does not disclose, as we have seen, that the claimed mistake was called to the attention of the court below at the trial. In the absence of such showing, we cannot reverse here. *State v. Coburn,* 122 Vt. 102, 106, 165 A.2d 349.

The plaintiff has here briefed three exceptions to portions of the argument made to the jury by counsel for the defendant.

On appeal, the excepting party must produce a record that makes it appear that harmful error was committed by the lower court. The record before us does not disclose enough of the language in argument objected to by the plaintiff so that the specific grounds of the various objections are made apparent. It follows that the record fails to disclose that the trial court had a fair opportunity to pass judgment upon the questions which the plaintiff seeks to present here. In fact, the court made no rulings, nor did the plaintiff insist upon them being made, nor indicate that he objected to this lack of action on the part of the court, which is necessary under our rule to require a reversal. No question is presented for our determination. *State v. Stone*, 123 Vt. 95, 181 A.2d 840; *State v. Skagen*, 122 Vt. 215, 218, 167 A.2d 530; 12 V.S.A. §2381. Also see *State v. Wood*, 121 Vt. 49, 147 A.2d 678.

*Judgment affirmed.*