# Pearl S. Morse v. Everett L. Morse

[ 229 A.2d 228 ]

February Term, 1967

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed April 4, 1967

*Monte & Monte* for libellee.

*Everett L. Morse pro se.*

**Smith, J.** This is an action of divorce brought on the grounds of intolerable severity. Partial hearing was held in the Washington County Court on July 1, 1966, but was continued several times thereafter until the final hearing on September 1, 1966. Findings of Fact were filed on November 2, 1966. A Decretal Order was filed on November 7, 1966 granting a divorce to the libellant on the grounds of intolerable severity. Libellee has appealed to this Court from the Decree, as well as upon exceptions to certain Findings of Fact made by the lower court.

The circumstances attending the cause, from a time soon after the divorce action was brought, up to and including the hearing of the appeal in this Court, as disclosed by the record, are unusual and may help in an understanding of the questions and problems here presented.

The libellee retained, and then discharged, at various times, two different attorneys to represent him in this cause before it was heard. At the time of the hearings below, the libellee was confined in the State's Prison in Windsor and notified the lower court then he would appear *pro se* in the divorce cause in which he was a party. He declined to retain counsel in his appeal to this Court and drew his own brief. Libellee also argued his appeal *pro se* before this Court. However, at the time of argument, counsel appointed by this Court to represent him in a criminal case heard on the same day, was present with him.

The essence of the Findings of Fact upon which the Decree Nisi for intolerable severity was predicated, are the libellee had beaten his wife and children, had refused to support them, and had carried on affairs with other women. All of this conduct, the lower court found, had caused great physical and mental suffering to the libellant, so that she was forced to seek medical attention and constant treatment.

Some four pages of the libellee's brief are devoted to quotations taken from the transcript, and then attempting to refute the statements quoted, by arguments and comments of his own tendered as evidence. By this method he seeks to present to us facts which are outside the record of the case and they cannot be considered by us. *Langevin* v. *Gilman,* 121 Vt. 440, 444, 159 A.2d 340; *Burlington Building and Loan Assn.* v. *Ayres,* 108 Vt. 504, 189 Atl. 907.

The libellee did not take the witness stand in the hearing below, and offered no testimony to dispute the evidence given by the libellant and her witnesses relative to the acts of the libellee which the lower court found to constitute intolerable severity. The only question presented to this Court on appeal from a finding of fact is the sufficiency of evidence to support a specific finding if raised by the appellant's brief. *Neverett* v. *Towne,* 123 Vt. 45, 49, 179 A.2d 583; 12 V.S.A. §2385. This question is not raised in the brief of the libellee and is not, therefore, for our consideration.

He attempts to attack the Findings of Fact made below in the same manner as he attempted to dispute the testimony appearing in the record of the case, that is, by inserting contrary assertions of fact in his brief to those made in the findings. But no testimony was given in the hearing below to support his assertions of fact here, nor

do they appear in the record. We cannot consider them. *Langevin* v. *Gilman, supra.*

The problems encountered by a layman who refuses the aid of counsel in preparing and arguing a case before an appellate court, and the difficulties presented to a court by such procedure, are illustrated in considering the next point presented by the appellee.

Under the general heading of "Motion for reversal and order of a new trial" we are presented with several claims of error by the libellee. He asserts that the lower court had no jurisdiction of the divorce proceeding here in question because the libellant did not have the requisite domicile under 15 V.S.A. §593 to bring her action in Washington County.

The pertinent section of the statute in question is: "Libels for divorce for any cause and for affirming or annulling the marriage contract shall be brought in the county in which the parties or one of them resides."

■■ This contention of the libellee is based upon the fact that at the time the hearing was held, the libellant resided elsewhere than in Washington County. But she was residing in Washington County at the time she brought her action, and the fact that she may have removed from Washington County after the bringing of the divorce petition did not remove the jurisdiction of the Washington County Court. *Sage* v. *Sage,* 115 Vt. 364, 368, 61 A.2d 557. Libellee takes nothing by this exception. While we have considered the question raised by the libellee, we need not have done so. The dilatory plea of lack of jurisdiction should have been raised by a motion to dismiss in the lower court. 12 V.S.A. §1034; *In re Estate of Melvina Collette,* 122 Vt. 231, 235, 167 A.2d 361.

■ The next contention is that his misconduct was condoned by the libellant between the time the divorce libel was filed in 1964 and the time of hearing in the case, and that the lower court should have so found and dismissed the case. This claim of condonation is supported only by the libellee's assertion that it occurred in his brief. The record contains only the undisputed testimony of the libellant that there was never any condonation by her of the libellee's behavior. What we have previously said about our being confined to the record of the case before us has equal application here.

We are next confronted with the serious accusation by the libellee that he was denied a fair hearing below because of the prejudice

demonstrated against him by both the presiding judge and the assistant judge, who heard the case in Washington County.

The libellee's first claim of prejudice is that the presiding judge disclosed in the hearing below a disposition to accept as determined an issue yet to be decided. We again turn to the record to determine if the claim of the libellee is well founded.

The original hearing on this divorce cause started before the Washington County Court on July 1, 1966. During that hearing, the libellee, conducting his own case, stated that if given more time he could bring into court witnesses to prove condonation. He also stated that he planned to have a lawyer present to represent him if he were granted a continuance. A continuance was granted until July 25, 1966. Upon another request for a continuance by the libellee, the court continued the case until August 19, 1966. At that time, a further continuance, to produce witnesses, was asked for by the libellee. Despite the continuance granted him, only two witnesses were produced by the libellee on September 1, 1966, when hearing was finally had, neither of whom testified on condonation, and the libellee again appeared as his own counsel.

This claim of prejudice on the part of the libellee is as a result of a letter received by him from the Clerk of the Washington County Court on July 27, 1966, when hearing was then set for August 19th. The statement in the letter, which is claimed to be prejudicial, reads: "Please be advised that the court will continue your case until Friday, August 19, at 10 A.M., at which time you should be here with your witnesses. (Otherwise, the Court will decide the case on the evidence now presented.)"

This is simply a statement on behalf of the court that if no more evidence was presented at the coming hearing, he would decide the case on the evidence already presented. This indicates no disposition on the part of the court to accept as determined, an issue yet to be decided. It is simply a declaration that the case will be decided upon whatever evidence was before the court at the conclusion of the coming hearing. In such statement, the Clerk of the court was only stating correctly the duty of a court to decide a case upon the evidence presented to it. We do not find the claimed prejudice as stated by the libellee.

The next contention of the libellee is that Judge Brooks, who was presiding below, should have disqualified himself from hearing the

case in accordance with a motion made to that effect by the libellee. This contention he first justified by his claim that he was denied the right to cross-examine the libellant and her witnesses that testified against him. The record before us shows that while at one point in the hearing he was not allowed to proceed with the cross-examination of the libellant, that he later was granted the full right of cross-examining the libellant and the other witnesses.

In libellee's cross-examination of libellant he first asked her: "I would like to ask you at this time, Pearl, how many of the children belong to me." Upon objection, the lower court excluded the question.

Libellee then asked libellant: "Are there any of the children that don't belong to me." This question, also being objected to, the court excluded it.

The libellee in his brief here asserts that the wrongful exclusion of the questions above stated, by the trial court, proved "its vicious prejudice and partiality."

Where the witness is a party, such as here, there is a right to cross-examine on any material matter, whether or not it was covered in the direct examination. However, "even on cross-examination of a party, the latitude of such examination cannot be extended to such an extent as to permit the injection of matters irrelevant to any issue in the case and prejudicial to the party being examined." *Sawyer* v. *Ewen,* 125 Vt. 196, 200, 212 A.2d 628.

By the questions quoted above, the libellee was seeking to inject into the case the question of the paternity of the seven children of the couple, or of some of them, possibly in an attempt to prove adultery on the part of the libellant. But in his petition to this court, he asserts, referring to the libellant and himself, "this couple have been married for 21 years and are parents of seven children," thus admitting his paternity of the children. The questions excluded would have injected into the case a matter irrelevant to its decision, not being in dispute, and would have been highly prejudicial to the libellant. If the questions were intended to question the libellant on her observance of the marriage covenant, they were improper in form for that purpose. No error is found.

The libellee declares that because he entered a complaint accusing the presiding judge of unethical conduct during the pendency of the case below that it was the duty of that judge to disqualify himself in accordance with the motion of the libellee. While it may be

said that the making of such a complaint by the libellee shows a prejudice on his part toward the judge complained of, it does not necessarily show a bias against the libellee by the judge against whom the complaint was made. This is particularly so when the record does not disclose that the judge had any knowledge of the making of the complaint.

Also, states the libellee, the presiding judge showed prejudice against him, which should have compelled him to disqualify himself, by declaring at the hearing, "I do not have to hide behind these black robes to tell you I do not think you are much of a man."

We have searched the record with care but we do not find the claimed remarks of the presiding judge in the transcript of the hearing. We do find the statement "I do not think much of a man when he is hiding behind black robes and an issue yet to be decided." But this the transcript shows to be a remark made by the libellee to the court which could very well indicate an animus in the hearing, but not of the court toward the libellee.

In *Leonard* v. *Wilcox,* 101 Vt. 195, 215, 142 Atl. 762, Justice Moulton wrote, "Before a reviewing court can hold that a judge has erred upon the ground of his bias and prejudice against a party, it must appear that it is the judge who is prejudiced against the party, and not that it is the party that is prejudiced against the judge." We do not find the bias and prejudice claimed by the libellee, to have been shown against him by the presiding judge, or the Washington County Court, in the record before us. No error is found in the refusal of the presiding judge to disqualify himself in the case below. With the possible exception of libellee's claim of error in a date in the Findings of Fact, obviously a clerical error, we have, as far as is ascertainable from the brief before us, considered every question which the libellee presented here for consideration. No error is found.

*Judgment affirmed.*