STATE OF VERMONT *v*. THOMAS E. O'CONNOR.

(86 A2d 924)

January Term, 1952.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY and ADAMS, JJ., and CHASE, Supr. J.

Opinion Filed February 20, 1952.

*Edward J. Shea* for the respondent.

*Edward A. John,* State's Attorney, for the State.

JEFFORDS, J.   After a verdict of guilty in the Brattleboro municipal court on a charge of operating a motor vehicle while under the influence of intoxicating liquor, the respondent filed a motion in arrest of judgment on the grounds that Ernest F. Berry, the judge

of that court, after disqualifying himself, drew the jury, that the jury was not selected in the manner provided by statute, and that the direction, service and return of the venire was contrary to law. The motion was overruled, judgment was entered upon the verdict and sentence was passed, to all of which the respondent excepted.

On June 4, 1951, upon arraignment of the respondent and his plea of not guilty, Judge Berry indicated that he would not preside at the trial in view of the fact that he had been attorney for the respondent in a recent divorce action. The cause was continued until July 18, 1951, for trial. On July 3, 1951, Judge Berry appointed Jennie Streeter, a special deputy sheriff, court officer, and drew the jury panel, and issued a venire directed "To any Sheriff or Constable in the State, or to Jennie Streeter, Special Deputy Sheriff, An Indifferent Person." The return thereon was signed "Jennie B. Streeter, Special Deputy Sheriff." No oath certificate to the truth of the return appears thereon. The trial was before Frank R. Fucci, judge of the Hartford municipal court, as acting judge. So far as it appears the respondent raised no objection to any of the proceedings until after verdict.

■■■ The mere fact that Judge Berry had been attorney for the respondent in another matter does not necessarily indicate that he was disqualified by bias or prejudice. If it indicates anything of that kind it is of bias or prejudice in favor of the respondent and against the state. We have held that the bias or prejudice must be against the party and not against the particular offense charged. *State* v. *Jurras,* 97 Vt 276, 280, 122 A 589; *Leonard* v. *Willcox,* 101 Vt 195, 215, 142 A 762. On page 202 of the latter case we stated that in the absence of statutory provision, the objection must be made promptly after it becomes known to the objector, or it is waived. In the present case the respondent knew at the time Judge Berry drew the jury panel that he would probably disqualify himself from trying the case, for the reason stated. So far as it appears from the record no objection was made to the drawing by the judge until after verdict and in the motion for arrest filed more than three weeks after the drawing. The burden is on the respondent as the excepting party to produce a record from which error appears. *Ricci* v. *Bove's Est.* 116 Vt 335, 336, 75 A2d 682. This he has failed to do. The first ground of the motion in arrest is without merit.

■ In support of the ground that the jury was not selected in the manner provided by statute the respondent sets forth in his motion certain statutory steps which he says were not taken. A motion in arrest can be sustained only for matters apparent of record. *State* v. *Longe,* 96 Vt 7, 13, 116 A 81; *Dyer* v. *Lalor,* 94 Vt 103, 118, 109 A 30; *State* v. *Shappy,* 79 Vt 306, 308, 65 A 78. Moreover, as we shall later see, by failure to object, the respondent who was required to be present, V. S. 47, § 1461, and nothing to the contrary appearing, we assume obeyed the statutory requirement, waived any irregularity, if any there was, in the selection of the jury. This ground is also without merit.

In support of the third ground of his motion in arrest the defendant gives several reasons for his claims that Jennie Streeter could not legally serve the venire as a special deputy sheriff in which capacity she signed the return or as "an indifferent person." In support of his claim that she as a special deputy could not legally serve, the respondent relies solely on the limitations and restrictions of her authority as specified in her commission. A certified copy of the commission is attached to the motion in arrest and in support of the same. This copy is merely a piece of evidence and not part of the record so cannot be considered in testing the motion. See cases, *supra,* last cited. The same trouble exists as to some of the claims made that certain statutory requirements were not followed in respect to her authorization as an indifferent person.

■ There is no need to discuss these claims. As far as it appears from the record, the respondent knew, or had the means of knowing, at the time of trial all claimed defects in the service of the venire which he now seeks to take advantage of. As far as appears from the record, he accepted the trial jurors without protest, challenge or exception. Thus he waived all irregularities and defects, if any, in the respects claimed and these questions cannot be raised in a motion for arrest. *Douberly* v. *State,* 51 Fla 41, 40 S 675; *Robinson* v. *Mulder,* 81 Mich 75, 45 NW 505; *Brown* v. *State,* 9 Neb 157, 2 NW 378; *Ivey* v. *State,* 4 Ga App 828, 62 SE 565; *State* v. *Rouner,* 333 Mo 1236, 64 SW2d 916, 92 ALR 1099; 23 CJS 1340, § 1528; 31 Am Jur 615.

■ Moreover, irregularities in selecting and impaneling a jury which do not prejudice a respondent give him no cause of complaint and he can take no exceptions thereto. *Agnew* v. *U.S.,* 165 US 36, 17 S Ct 235, 41 L ed 624. See also *State* v. *Brewster,*

70 Vt 341, 351, 40 A 1037, 42 LRA 444; 3 Am Jur 600. No prejudice is here shown. As far as it appears, the same persons who were drawn served at the trial.

The respondent relies on *State* v. *Frotten,* 114 Vt 410, 46 A2d 921. In that case the venire was not signed by the county clerk whose duty to sign was made mandatory by statute. We held that this was a fundamental defect and that the venire was illegal and void. In the present case the venire was signed by the clerk of the court as authorized by V. S. 47, § 1463. There is no statute specifically stating who shall serve a venire issued from a municipal court. Thus there was here no mandatory or prohibitory statute violated. The irregularities here, if any, are in their nature technical which this Court in *State* v. *Brewster, supra,* held were not sufficient to abate the indictment in question. The third and final ground of the motion is also without merit.

*Exceptions overruled and judgment affirmed. Let execution be done. ·*