STATE, Use of MIEDZINSKI *v.* GRAY

[No. 113, September Term, 1961.]

*Decided January 11, 1962.*

The cause was argued before HAMMOND, PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

*Oliver R. Guyther,* with whom was *Charles A. Norris* on the brief, for appellants.

*James F. Couch, Jr.,* with whom were *Couch, Blackwell & Miller* on the brief, for appellee.

SYBERT, J., delivered the opinion of the Court.

Philip H. Miedzinski, the 16 year old son of the equitable plaintiffs below (appellants here), was struck down and killed by an automobile driven by Matthew Allen Gray (defendant-appellee) while bicycling on a public road in St. Mary's County. Two actions resulted from the accident. One was a suit by John Edward Miedzinski, as administrator of his son's estate, to recover for pain and suffering endured by the son before his death, and for funeral expenses. The other was a wrongful death action to the use of both parents for loss of services of the son, who had assisted his parents in the operation of their 180 acre farm until the accident.

The two actions were tried together before a jury, which found the appellee liable in both cases. Complaining that the $500.00 verdict in the second case, for loss of services, was inadequate, the equitable plaintiffs appeal from the judgment in that case, making five contentions which will be stated as the points are considered.

(1)

Appellants argue that evidence showing the deceased son had received an acre of tobacco for his work on his parents' farm was erroneously admitted, since no necessary relationship exists between what is actually paid to a minor child by his parents for his services and the value of those services to the parents. They contend that the admission of this evidence prejudiced the minds of the jurors and caused them to return a lower verdict than would otherwise have been the case.

Courts are reluctant to disturb verdicts for errors in the admission or exclusion of evidence unless they cause substantial injustice. *Hance v. State Roads Comm.,* 221 Md. 164, 156 A. 2d 644 (1959). It would appear that no substantial injustice to appellants resulted from what transpired with respect to the testimony in question. The record reveals that after the trial court had concluded its instructions, counsel for appellants called attention to the admission of this evidence over appellants' objection. The trial court then recalled the jury for the first time, and, in a further instruction, specifically directed the jury to disregard the testimony concerning the payment to the son by the parents for his services, stating that the tobacco was a gift and that parents are entitled to a child's services until he becomes 21 years of age. Thus, even if it had been erroneous to admit the testimony in question, the error was cured by the reinstruction and no prejudice resulted. Cf. *Jimmy's Cab v. Isennock,* 225 Md. 1, 169 A. 2d 425 (1961); *Gwynn Oak Park v. Becker,* 177 Md. 528, 537, 10 A. 2d 625 (1940).

(2)

Appellants maintain that the trial court erred in admitting, over objection, the testimony of a State police trooper as to the point of impact between appellee's automobile and the bicycle of the deceased, arguing that such opinion evidence on an ultimate issue in the case was an invasion of the province of the jury. Its admission, they contend, planted a "terrible doubt" as to liability in the minds of the jury, leading to a compromise verdict.

The jury's finding for the appellants on the matter of liability greatly weakens this argument. Whether the trooper's testimony in fact created any doubt as to liability is a speculation to which no weight can be accorded. Admission of such testimony was in the sound discretion of the trial court, *Williams v. Dawidowicz,* 209 Md. 77, 120 A. 2d 399 (1956), and we fail to find any abuse of that discretion in this case. The trooper, as investigating officer, qualified as an expert, *Acme Poultry Corp. v. Melville,* 188 Md. 365, 53 A. 2d 1 (1947), and, as was said in *Harper v. Higgs,* 225 Md. 24, 38, 169

A. 2d 661 (1961), "* * * an approved test as to the admissibility of expert opinion is whether the jury can receive appreciable help from the particular witness on the subject, not whether the jury can decide the particular issue without expert help. * * *". The interpretation of skid and swerve marks and gouges in the road at the site of the accident and their significance in regard to where the impact took place was a proper subject for expert testimony and the trial court's ruling in this respect was not erroneous. Cf. *Miller v. Graff*, 196 Md. 609, 78 A. 2d 220 (1951).

### (3)

It is contended by appellants that a supplemental instruction by the trial court, after the jurors were recalled a second time, was contradictory to prior instructions and erroneous in law. The contention is based upon a portion of the instruction which allegedly would have permitted the jury to award nominal damages to the appellants for loss of services of their son. Whether the charge constituted error is not properly before us for review since it appears that no meaningful objection was made at the time the instruction was given.

What actually occurred on the second recall of the jury was later stipulated by both parties, since the court stenographer was not present at the time to take down the proceedings for the record. Appellants' counsel conceded at oral argument that his objection to the instruction, as it was set out in the stipulation, consisted of his standing up at the conclusion of the instruction, making a motion with his finger to the trial judge, and receiving as acknowledgment a nod from the court, at which point he again sat down, without having made any statement. Such an "objection" in our view does not meet the requirements of Maryland Rule 554 d and e, which restricts a party on appeal, in assigning error to the trial court's instructions, to a review only of the particular portions of the instructions, or omissions therefrom, which were objected to and to "the specific grounds of objection *distinctly stated at the time;* and no other errors or assignments of error in the instructions shall be considered by the Court of Appeals."[1]

---

1. Amended Rule 554 e, effective Jan. 1, 1962, omits the word "specific" from the portion quoted.

(Emphasis supplied.) The "objection" as described failed to comply with the rules and the contention here made may not be reviewed Cf. *Belts Wharf v. Internat. Corp.*, 213 Md. 585, 132A. 2d 588 (1957). We might add that, as a practical matter, it is entirely possible the trial judge may have believed, when counsel arose, that he desired to object, or to request further instructions, or the like, but that he changed his mind and abandoned any such intention after the judge's nod to proceed with his statement.

### (4)

Appellants complain that the failure of the court stenographer to be present to record the proceedings when the jurors were recalled a second time and reinstructed deprived appellants of their right to perfect this appeal and have the issues of the case fairly reviewed. This argument has no force in light of the stipulation setting forth what did transpire, which was agreed to and filed by both parties as part of the record before this Court. Any possible prejudice to appellants' cause resulting from the stenographer's absence was cured by the stipulation. Had the stenographer been present it is apparent that the only addition to the record might have been a notation regarding the gesture made by appellants' counsel at the conclusion of the supplemental instruction which, as we have found, had no significance as an objection.

### (5)

Appellants' final contention is based upon the trial court's refusal to grant their motion for a new trial on the ground that the verdict was contrary to the evidence, was a compromise verdict, and resulted because the jury was confused by numerous, vague and contradictory instructions. This Court's views in regard to a claim of excessiveness or inadequacy of a jury verdict, and the action of the trial court in allowing or refusing a new trial on such a claim, are set out in *Leizear v. Butler*, 226 Md. 171, 178-180, 172 A. 2d 518 (1961), where the authorities are extensively reviewed. In that case we recognized the right of the jury to form its own judgment on

the facts which the trial court determines to be legally sufficient, and the right of the trial court, if in its discretion it feels justice requires it, to set aside the jury verdict and grant a new trial, and cited the language of the Court in *Balto. & Ohio Railroad Co. v. Brydon, etc.*, 65 Md. 198, 222, 3 Atl. 306 (1886): "* * * But the functions of this Court are much more limited. *We have no right to decide on the correctness or incorrectness of the verdict of a jury.* We are restricted entirely to the questions of law decided by the Court below. * * *" (Emphasis supplied.)

We have found no reversible error, either in the admission of the evidence discussed in the earlier contentions, or in the instructions to the jury which were unexcepted to. It was within the sound discretion of the trial court to grant or refuse a new trial on the claim that the verdict was inadequate. Appellants point to uncontradicted testimony before the jury of the value of the crops which appellants say were lost as a result of their son's death, and also testimony regarding the value of his services to them, as supporting their contention that the refusal of the trial judge to grant their motion was an abuse of discretion. However, there was also testimony of the possibility of the son attending college and the fact that he was then in school which curtailed the amount of work that could be expected of him on the farm. When the record is viewed as a whole we find no abuse of discretion in the trial court's ruling.

*Judgment affirmed, with costs.*