STATE, Use of STICKLEY, et al. *v.* CRITZER

[No. 107, September Term, 1962.]

*Decided December 17, 1962.*

The cause was argued before BRUNE, C. J., and HENDERSON, PRESCOTT, HORNEY and SYBERT, JJ.

*Robert H. Symonds,* with whom was *Albert A. Rapoport* on the brief, for appellants.

*John M. McInerney,* with whom were *McInerney & Latham* on the brief, for appellee.

PRESCOTT, J., delivered the opinion of the Court.

The question herein involved is a narrow one: it is simply whether the trial judge abused her discretion in refusing to permit an expert witness to state to the jury his conclusion as to who was driving a motor vehicle at the time of an accident, which resulted in the death of appellants' decedent.

The appellants, the surviving widow and infant children of the deceased, instituted suit against the appellee, alleging pecuniary loss and damage to the appellants as a result of the negligent operation of a Jeep, in which the deceased was a passenger, by the appellee. At the trial below, the appellee, the only known surviving eye witness to the accident, was called to the stand by the appellants as an adverse witness. He stated that he was involved in a motor vehicle accident with the deceased at about 3:00 a.m. on June 25, 1959; the motor vehicle was a Jeep entrusted to him by his employer for his personal and "job" use; the top was removed and the windshield was down; the automobile left the road just after rounding a curve, passenger side first, hit a tree, and then "flipped" over once into a small creek with the defendant and deceased both underneath the car; he crawled out and then attempted to extricate the deceased, but was unsuccessful as the Jeep burst into flames. He further testified that the deceased was operating the vehicle at the time of the accident.

Sergeant Fickes of the Takoma Park Fire Department, called by the appellants, stated that he arrived at the scene of the accident at 3:44 a.m. on June 25th. He observed the overturned vehicle, tires in the air, with the driver's side over the creek; and the deceased was directly underneath the "steering column" on the driver's side.

When extricated from beneath the Jeep, appellants' decedent was dead.

Captain Merson of the Takoma Park Police Department was called by the appellants, and he testified that he had been with the Department since 1948, starting as a private and working up in rank to a captain; that he had attended in-service training schools under FBI instructors and the University of Louisville seminar on crime investigation; that he had "instructed school" himself; and that he had investigated several hundred accidents.

He further stated that he did not know of the accident until the afternoon of June 25th; that he conducted an investigation with reference thereto; and that this investigation consisted of an examination of the Jeep (the location of which at the time

of the examination was not specified), an examination of photographs of the accident, and an interview with the defendant on June 26th (there is no contention by the appellants that the appellee admitted to the Captain that he was driving at the time of the accident). The Captain felt that from this investigation he had sufficient material upon which to base an opinion as to who was the actual operator of the Jeep at the time of the accident, and he was asked to state that opinion.

At this stage, counsel for the appellee objected. Thereafter, a lengthy conference between the court and counsel for the parties ensued in chambers. As a result, the court, with the approval of, and concurrence by, appellants' counsel, stated the appellants' proffer in this manner: "* * * that Captain Merson would be qualified as an expert in the field of accident and traffic investigation [the trial court was satisfied with the Captain's qualifications in this respect], and that having been qualified he would be asked to give his opinion as to who was the driver of the Willys Jeep in which the deceased was killed, and that he would testify from examining certain photographs [of the scene of the accident], some of which are in evidence and some of which the court understands would be offered in evidence, and from his experience as a police officer involved in accident investigation." (For the purposes of this case, the appellee cancedes that the Captain's opinion would have been to the effect that the appellee was driving at the time of the accident, although this fact was not included in the proffer.) The court sustained the appellee's objection and refused to permit the Captain to give his opinion on the ground that such opinion would have been too speculative in nature to warrant its admission in evidence.

This Court has had occasion to deal with expert and opinion testimony many times. Of the principles that have been enunciated in the cases from time to time, no two are more firmly established than (1) that an expert witness must predicate his opinion on premises of facts, and (2) that the questions of the qualifications of an expert and whether or not his opinion will

help the trier of facts appreciably are largely in the discretion of the trial court.[1]

The premises of fact may, or may not, include some of the reasons upon which the expert bases his opinion. And they must disclose that the expert is sufficiently familiar with the subject matter under investigation to elevate his opinion above the realm of conjecture and speculation, for no matter how highly qualified the expert may be in his field, his opinion has no probative force unless a sufficient basis to support a rational conclusion is shown.[2] The opinion of an extremely competent real estate appraiser as to the value of a certain tract of land, for instance, would have little, if any, probative force, if the expert had never seen the tract and had no knowledge of its location, or the properties surrounding it. The premises of fact may be within the personal knowledge of the expert, or an assumed set of facts (resulting in a hypothetical question). *Marshall v. Sellers,* 188 Md. 508, 519, 53 A. 2d 5. Ordinarily, the premises of fact are adduced before the expert is permitted to state his opinion. *Mangione v. Snead,* 173 Md. 33, 195 A. 329. However, they may be contained in a proffer of proof to follow, which proffer, of course, must be fulfilled, otherwise the opinion will be subject to a motion to strike it out. 32 C.J.S., *Evidence,* § 552.

In the instant case, the photographs disclosed a scene of the overturned Jeep and the creek just about as it had been described by Sergeant Fickes. Captain Merson, apparently, examined the Jeep after it had been moved, and also the photographs. The Captain did not point out what he saw in the photographs or in his examination of the Jeep that enabled him, as an expert, to arrive at a conclusion of who was its driver. He also stated that he had interviewed the appellee, but again there

---

1. Acme Poultry Corp. v. Melville, 188 Md. 365, 53 A. 2d 1; Harper v. Higgs, 225 Md. 24, 169 A. 2d 661; State v. Gray, 227 Md. 318, 176 A. 2d 867; Reid v. Humphreys, 210 Md. 178, 122 A. 2d 756.

2. Fink v. Steele, 166 Md. 354, 363, 171 A. 49; Bethlehem Steel Co. v. Munday, 212 Md. 214, 129 A. 2d 162; Marshall v. Sellers, 188 Md. 508, 53 A. 2d 5; West v. Fidelity-Balto. Bank, 219 Md. 258, 265, 147 A. 2d 859.

is no intimation in the proffer or his testimony as to what this interview produced, and how it enabled him to formulate an opinion (that would not be purely speculative) as to who was operating the Jeep. With the record in this state, it is obvious that the opinion of the witness would have been based largely, if not wholly, upon conjecture. We, therefore, hold that the trial court did not abuse her discretion in excluding the proffered evidence.

What we have said above is in no way derogatory to Captain Merson. He is acknowledged to be an experienced and valuable member of the force, and the trial judge recognized his qualifications as an expert.

The case at bar is so readily and easily distinguishable from such cases as *Acme Poultry Corp. v. Melville,* 188 Md. 365, 53 A. 2d 1; *Harper v. Higgs,* 225 Md. 24, 169 A. 2d 661; *State v. Gray,* 227 Md. 318, 176 A. 2d 867, wherein certain testimony of police officers was stated to have been admissible, that we do not deem it desirable to elaborate upon them in this opinion.

*Judgment affirmed, with costs.*