STATE of Maine

v.

Wendell O. CHRISTIAN.

Supreme Judicial Court of Maine.

Nov. 21, 1967.

Robert L. Cram, County Atty., Portland, for appellant.

Nunzi F. Napolitano, Portland, for appellee.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, DUFRESNE, and WEATHERBEE, JJ.

WEBBER, Justice.

■■" The appellant was tried by a Cumberland County jury and adjudged guilty of the crime of rape. On appeal, a motion for new trial having been denied, the respondent urges that the jury was illegally constituted. It is suggested that the jury commissioners may not have selected jurors for service at the term "by such method as will give a fair and just distribution according to population" as required by 14 M.R.S.A., Sec. 1255. We are informed that on the same day and shortly after the jury had rendered its verdict in the instant case, a Justice of the Superior Court who was not the presiding Justice in the case before us, granted a motion to quash the entire jury panel in Cumberland County as illegally constituted. The record before us is silent as to the facts or the evidence which prompted such dismissal. We have no means by which to evaluate the action of a Justice in a case not now before us on review. There is no showing on this record that the panel was in fact and in law illegally constituted and therefore no prejudice to this respondent is revealed.

■■ An attack on the method of selecting the whole panel requires proof or an offer of proof. Mere unsworn statements of counsel will not suffice. When such an attack is made, the respondent has the burden of proof. Frazier v. United States (1948) 335 U.S. 497, 503, 69 S.Ct. 201, 205, 93 L.Ed. 187; 50 C.J.S. Juries § 265 p. 1026 and cases cited.

■ Counsel for both State and respondent have argued at length the proper timing of a challenge to the array. The record

here discloses that the trial jury was drawn in the usual manner and declared to be acceptable and satisfactory by both parties. The respondent's motion was not made until after the jury had retired and were engaged in deliberation upon their verdict. Although for the reasons stated we do not reach this issue, it may be noted in passing that a challenge to the array after voir dire and the drawing of a jury has begun is said to come too late. Counsel are deemed to have had opportunity before the trial to examine the records to ascertain whether or not a panel of jurors has been selected in accordance with statutory requirements. Failure to act seasonably constitutes a waiver. Veer v. Hagemann (1929) 334 Ill. 23, 165 N.E. 175, 178; State v. O'Connor (1952) 117 Vt. 176, 86 A.2d 924.

We have examined the entire record with care. No prejudice to the respondent is shown. There was abundant credible evidence to sustain proof of guilt beyond a reasonable doubt. It seems most unlikely that a jury differently constituted could properly have reached any other conclusion.

Appeal denied.